STATE ex rel., STIRRETT, State's Attorney, Respondent, v. ROGERS et al., Appellants.

(164 N. W. 73.)

(File No. 4138. Opinion filed August 30, 1917.)

**Appeals—Error—Enjoining Liquor Sales by Unincorporated Association—Subsequent Statute Prohibiting, Effect on Merits—Moot Question Not Determined—Costs.**

In a suit enjoining sale and distribution of intoxicating liquors by officers of unincorporated association maintaining club rooms for accommodation of members and guests, with a bar where intoxicants were dispensed to the members, etc., in exchange for coupons previously sold to members the answer alleging that the liquor was purchased in bulk by the club and owned by members share and share alike, held, on appeal from an order sustaining a demurrer to the answer, that, the legislature, after appeal perfected, enacted a law (Laws 1917, Chap. 281,) which not only makes it unlawful, but a crime to receive, keep or dispense intoxicants as set out in defendant's answer, or at all, the Supreme Court will not determine the moot question involved in the order appealed from, merely to ascertain who was entitled to tax costs; but, the case not

being disposed of upon its merits, no costs will be taxed on
the appeal.

Whiting, J., taking no part in the decision.

Appeal from Circuit Court, Lawrence County. Hon. LEVI
McGEE, Judge.

Action by the State, on the relation of A. E. Stirrett, State's
Attorney of Lawrence County, against Burt Rogers, and others
individually, and as constituting the board of directors of the
Deadwood Business Club, Lawrence County, S. D., H. W. Troth
individually and as Secretary of said Deadwood Business Club,
and Alfred R. Bell, individually and as Stewart of said club, to
enjoin defendants from selling and distributing intoxicating
liquors. From an order sustaining demurrer to the action, defend-
ants appeal. Order affirmed.

*W. G. Rice,* for Appellants.

*Clarence C. Caldwell,* Attorney General, and *A. E. Stirrett,*
for Respondent.

POLLEY, J. This action was brought by the state's attor-
ney of Lawrence county to enjoin the sale and distribution of
intoxicating liquors by the defendants as officers of the Deadwood
Business Club. It is alleged in the complaint and admitted in
the answer that said club is an unincorporated association, main-
taining clubrooms for the accommodation of its members and their
guests, and that, among other paraphernalia for the entertainment
of the members and their guests is a bar where intoxicating
liquors are dispensed to such members and their said guests. It is
alleged in the complaint to have been done without license and in
violation of law. It is alleged in the answer that said liquor was
purchased in bulk by the club and owned by the members thereof,
share and share alike, and was delivered to said members when
called for by the steward of the club, who received in exchange
therefor coupons previously sold to said members. A demurrer
to said answer was sustained by the court, and from the order
sustaining the same defendant appeals.

Since the appeal was perfected, the Legislature of this state
enacted a law (chapter 281, Laws of 1917) which not only makes
it unlawful, but makes it a crime, to receive, keep, or dispense
intoxicating liquors in the manner set out in defendants' answer,
or at all. The result of said law is to render a reversal of the

order appealed from in this case wholly unavailing to the defendants, except to determine who is entitled to the costs on this appeal. It is, not the policy of this court to determine purely moot questions, or to determine appeals for the sole purpose of ascertaining who is entitled to tax costs.

The order appealed from, therefore, is affirmed; but, as the case is not disposed of upon its merits, no costs will be taxed in this court.

WHITING, J., taking no part in the decision.